**Robert Sanford DIETRICH, Petitioner–Appellant,**

v.

**Stan CZERNIAK, Superintendent, Respondent–Appellee.**

No. 07–35948.

United States Court of Appeals, Ninth Circuit.

Submitted May 12, 2009.*

Filed May 26, 2009.

Anthony Bornstein, Federal Public Defender's Office, Portland, OR, for Petitioner–Appellant.

Inge D. Wells, Esquire, Assistant Attorney General, Salem, OR, for Respondent–Appellee.

Before: PREGERSON, CANBY, and BERZON, Circuit Judges.

MEMORANDUM **

Oregon state prisoner Robert Sanford Dietrich appeals from the district court's

judgment denying his 28 U.S.C. § 2254 habeas petition. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, and we affirm.

Dietrich contends that he received ineffective assistance of counsel due to his attorney's incorrect advice regarding his potential sentencing exposure. We conclude that the state court reasonably concluded that the record demonstrates that Dietrich's attorney did adequately inform him before sentencing of his sentencing exposure and advise him that he could withdraw his plea. Therefore, Dietrich has not demonstrated prejudice because he has not shown that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. *See Hill v. Lockhart,* 474 U.S. 52, 60, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). We therefore conclude that the state court's rejection of Dietrich's ineffective assistance of counsel claim was not contrary to, nor an unreasonable application of, clearly established federal law. *See* 28 U.S.C. § 2254(d)(1); *see also Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Dietrich also contends that his attorney should have done more to combat pressure placed on him to plead guilty by his fellow church members. We decline to address this contention because he raises it for the first time in his opening brief. *See Allen v. Ornoski,* 435 F.3d 946, 960 (9th Cir. 2006).

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.